RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
8 / 28 / 15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARL WAYNE STEWART,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:15-CV-01934 |
| VERSUS | |
| STATE OF LOUISIANA, et al.,<br>Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Carl Wayne Stewart ("Stewart") on June 22, 2015 (Doc. 1). The named defendants are the State of Louisiana and the City of Natchitoches.

Stewart contends that, on October 20, 2014, two unnamed Natchitoches police officers arrested him without introducing themselves, explaining why he was arrested, or advising him of his rights (Doc. 1). Stewart also contends that, on the same day, two unnamed Natchitoches Animal Shelter employees seized his two pets (Doc. 1). Stewart contends he was detained three days before he was taken before a judge and his bond was set, then detained until December 8, 2014 when he was released on bond (Doc. 1). Stewart contends that, while he was detained, he was not allowed to call his family and he was not afforded a preliminary examination (Doc. 1).

For relief, Stewart asks for damages for intentional infliction of emotional distress, punitive dates, property loss and

property damages.  Stewart is currently residing in Natchitoches, Louisiana.

State of Louisiana

Stewart names the State of Louisiana as a defendant.  However, neither a state nor ifs officers acting in their official capacities are "persons" within the meaning of Section 1983.  Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362 (1991).  Therefore, Stewart's claim against the State of Louisiana is not cognizable under Section 1983 and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915.[1]

City of Natchitoches

---

[1] District courts are required to dismiss an in forma pauperis (IFP) civil rights suit if the court determines that the action is frivolous or malicious or does not state a claim upon which relief may be granted.  28 U.S.C. S 1915(e); Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Black v. Warren, 134 F.3d 732, 733 (5th Cir.1998).  District courts may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law (i.e., it is based on an indisputably meritless legal theory) or in fact (i.e., the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, or delusional).  Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995).  Also, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

If this court finds plaintiffs' complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. §1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Stewart also names the City of Natchitoches as a defendant, apparently contending it is liable for the actions of its employees in the Natchitoches City Police Department and the Natchitoches Animal Shelter.

In Monell v. New York City Dept. of Social Services, 436 U.S. 658, 689, 98 S.Ct. 2018, 2035 (1978), the Supreme Court held that municipalities and other local governmental bodies are "persons" within the meaning of Section 1983 but that, since there is no respondeat superior liability under Section 1983, a municipality may not be held liable under Section 1983 solely because it employs a tortfeasor. A plaintiff seeking to impose liability on a municipality under Section 1983 is required to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403-404, 117 S.Ct. 1382, 1388 (1997).

Stewart has not alleged a municipal policy or custom which deprived him of his constitutional rights, but instead appears to rely on the fact that the City of Natchitoches employed the officers who arrested him and seized his pets. Since there is not supervisory liability under Section 1983, Stewart has not stated a

3

claim against the City of Natchitoches that is cognizable under Section 1983, and his claims against the City of Natchitoches should be dismissed as frivolous.

## Conclusion

Based on the foregoing discussion IT IS RECOMMENDED that Stewart's action be DENIED AND DISMISSED WITH PREJUDICE AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28th

day of August 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE